No. 40.—JOHN GIBBONS, plaintiff in error, *vs.* MATTHEW B. Mc-
COMB, ex'r. of SAMUEL B. McCOMB, defendant in error.

[1.] An affidavit of the party appealing, "that he is unable to give security," without
alleging that his inability is "owing to his *poverty*," is not a sufficient compliance
with the act of 1842.

Motion to dismiss appeal. Before Judge HILL. In Coweta
Superior Court. March Term, 1847.

The grounds of this motion, and the facts of the case, are fully
stated in the opinion delivered by the Supreme Court, to which
the reader is referred.

EZZARD, for the plaintiff in error.

1. An appeal bond to be given by the party appealing, is not
indispensably necessary. The Judiciary Act of 1799, (*Prince*
426,) authorizes either party to appeal as matter of right, by
paying cost and giving security. Where bond is given, it can only
be necessary to bind the security; and where no security is given,
there need be no bond. But if the Court below had deemed a
bond necessary, it ought to have then allowed it *nunc pro tunc.*
The party having done every thing required of him by the statute,
he ought not to suffer for the negligence or default of the clerk.

2. We contend that the affidavit is sufficiently full. The defend-
ant swears that he is unable to give security, which necessarily
implies that it is owing to his poverty. The court will not require
that the affidavit of a party shall be in the precise language of the
statute; the substance will be sufficient. Moreover, this is a reme-
dial statute.

O. WARNER, for the defendant in error.

The appeal was not entered according to the act of 1799. The
affidavit cannot aid the defence. The act of 1842 authorizes a
party to *enter his appeal*, without paying costs and giving security,
by filing the requisite affidavit; the affidavit is in lieu of the costs
and security. That is the object and effect of the affidavit, and
nothing more.

But the affidavit is not in compliance with the act of 1842.

It does not state that "owing to his poverty" the plaintiff in error "is unable to give the security as now required by law in cases of appeal."

The act of 1842 clearly defines what the affidavit shall contain. It is an affirmative statute.

The rule is, that if an affirmative statute directs a thing to be done in a certain manner, that thing shall not be done in any other manner.　6 *Dane Abr.* 593.　When a statute directs what must be pleaded, the plea must be in the words of the statute.　*Ib.* 602, 604.

As to the sufficiency of the affidavit, see *Cobb* vs. *Force & Brothers*, 6 *Ala. R. ( N. S.)* 468 ; *Napper* vs. *Noland*, 9 *Porter, R.* 218 ; 1 *U. S. Dig.* 95.

In order to entitle a party to appeal, the statute should be completely complied with.　*Ex parte Lafarge*, 6 *Cowen R.* 61 ; *ex parte Stevens, ib.* 69 ; 4 *Wend. R.* 203 ; 1 *U. S. Dig.* 180.

His Honour, HIRAM WARNER, having been originally of counsel in this cause in the Court below, gave no opinion.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The defendant in error recovered of the plaintiff in error, one thousand dollars, in the Superior Court of Coweta County. Within four days from the adjournment of the Court, Gibbons presented himself at the clerk's office, paid all costs that had accrued in the case, and prayed an appeal, having filed the following affidavit, to wit : "Personally came before me, John Gibbons, who being duly sworn, deposeth and saith, that he is advised and believes, that he has good cause of appeal, and that he is unable to give security on entering the same."

At a subsequent term of the Court, a motion was made and sustained, to dismiss this appeal, upon the ground that it had not been entered in terms of the law ; and upon this judgment of the Court below, this writ of error is predicated.

The Judiciary Act of 1799 provides, "that in case either party [1.] shall be dissatisfied with the verdict of the jury, then and in all such cases either party may, within four days after the adjournment of the court in which such verdict was obtained, enter an appeal in the clerk's office of such court, (as matter of right,) and if such verdict shall be obtained in the Inferior Court, it shall be

the duty of the clerk thereof to transmit such appeal to the clerk of the Superior Court of the county in which such verdict shall be obtained, who shall enter the same on the appeal docket, which appeal shall be admitted and tried by a special jury. *Provided*, the person or persons so appealing shall, previous to obtaining such appeal, pay all costs which may have arisen on the former trial, *and give security for the eventual condemnation money*, "except executors and administrators, who shall not be liable to give such security." *Prince* 426.

In 1842 the legislature passed a statute, intended as appears from its preamble, to enable parties plaintiffs or defendants in any court of this State to appeal without paying costs and giving security, as required by the Judiciary Act of 1799. It is in these words : " that from and after the passing of this act, when any party, plaintiff or defendant, in any suit at law or in equity, hereafter to be commenced in any of the courts of this State, where the party cast shall be dissatisfied with the decision and shall be unable to pay costs and give security, as now required by law, if such party will make and file an affidavit in writing, that he or she is advised and believes that he or she has a good cause of appeal, and that owing to his or her poverty he or she is unable to pay the cost and give security, as now required by law in cases of appeal, such party shall be permitted to appeal without the payment of cost, and without giving security, as heretofore practised in this State." *Hotchk.* 600, 601.

Some objections were made as to the *form* of entering this appeal ; but the party having paid all costs that had accrued, and filed his affidavit claiming this right within the time prescribed by law, and the clerk having entered the case on the appeal docket, we should under the former adjudications of this Court, have sustained the appeal, considering the defect, if any existed, as amendable. But the main question to be determined is, whether the affidavit of the defendant, swearing that he is " *unable to give security*," without assigning any reason therefor, is a substantial compliance with the act of 1842, passed for the benefit of *indigent* persons, and which requires the party to make oath, that *owing to his poverty* he is unable to give the security *required by law in cases of appeal.*

We think that the affidavit is fatally defective in two particulars. It should not only declare that the inability of the party *is owing to poverty*, but that he is unable to give the security *required by law*

*in cases of appeal*, which is, as we have seen, for the *eventual condemnation money;* for the party, although poor, might be able to give security for this object, and yet not be able to do so for something more onerous.

That the omission to aver, that *owing to his poverty* he was unable to give the security, &c., is incurable and ruinous, may be readily and conclusively settled, by inquiring whether the inability of the party must necessarily arise from his *poverty* and from no other cause; for if this be true, then to make oath that he is unable to give security, is the same as to swear that he is unable to do so on account of his poverty. But it is not true that one's inability to appeal must always originate in poverty, and cannot arise from any other cause. A man might be rich, and owing to his want of popularity, or the odiousness of his cause, he might find no one who would assist him to continue the litigation.

Besides, he might reside beyond the jurisdiction of the court, or to avoid a recovery, remove his property out of the limits of the State; and owing to this, he himself might be unable and unwilling to take the oath prescribed by the statute, and all others would refuse to interpose between him and the danger to which they would subject themselves by becoming his security. We apprehend that it was not to provide against an exigency like this that the act of 1842 was passed.

One of the best means of testing the proper construction of an affidavit, is to subject the party to a prosecution for perjury on it. Suppose Mr. Gibbons were indicted upon this oath, and the assignment and the testimony were, that he was possessed of considerable property, real and personal, either within or without the limits of the county or State where the cause was pending, and the evidence was to go no further, could there be a conviction? Surely not; for all this might be true, and still the defendant not be guilty of falsehood in swearing that he was unable *nevertheless* to give security.

It would seem to be manifest therefore, that the oath does not conform to the act. And we doubt not but that the assembly, in admitting *poverty* as the only excuse for dispensing with security, intended carefully to *exclude* any of the other causes to which I have referred, as well as others which might be suggested.

The judgment of the Court below, and so it is ordered and adjudged, must stand affirmed.